**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Ann St. George, *et al.*, | No. CV-04-1210-PCT-LOA |
| Plaintiffs, | **ORDER** |
| vs. | |
| Home Depot U.S.A., Inc., a foreign corporation; *et al.*, | |
| Defendants. | |

After considering the parties' summary judgment briefing on Plaintiffs' claims of intentional infliction of emotion distress, the Court concludes that additional briefing is necessary on two issues of law: (1) the appropriate Arizona statute of limitations on a claim of intentional infliction of emotional distress, and (2) whether only expert testimony, e.g., a physician or psychologist, may create a question of fact that a plaintiff sustained emotional distress caused by a defendant's conduct and, if not, whether a party or other non-expert witness may appropriately testify regarding personal opinions, observations, personal experiences, such as, commonly-known symptoms of emotional distress, such as, nightmares, caused by a defendant's conduct and/or failure to act when required to do so.

The Court also finds that many references in Plaintiffs' Statement of Facts (docket # 363) regarding Plaintiffs Betty Ann St. George, Robbin Billingsley, Dawn Hixenbaugh, Diane Wickline, Janet Reavis, and Abbey Bromley are not found in the record

1  specifically cited by Plaintiffs' counsel. For example, in paragraph No. 145, Plaintiffs'
2  Statement of Facts states:

> 145.   St. George has been referred to as "cunt," "bitch," "fat-ass," and "fucking bitch" on numerous occasions throughout her 6 years of employment at the Home Depot Store #452 by male associates and male managers. (See St. George dep. at 133:2-19, 135:7-137:2, St. George Binder, Section C-Pareja, pp. 1-14, Section D-Machek, pp. 1-10; Joe St. George dep. at 18:1-11, 25:14-18, 26:15-25)

In its significant efforts to independently confirm where in the referenced record Plaintiff Betty Ann St. George was allegedly called the despicable word "cunt," by whom, when and in what context, the Court is unable to do so and it is neither inclined nor under any obligation to search the entire record to find such support, if it does exist. *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."); *Albrechtsen v. Board of Regents of University of Wisconsin System*, 309 F.3d 433, 436 (7th Cir. 2002) ("'Judges are not like pigs, hunting for truffles in' the record.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). The C-word is certainly not found at "St. George dep. at 133:2-19, 135:7-137:2"[1] as represented. Moreover, the Court is unwilling to go through 14 pages of typed notes, presumably created by Plaintiff Betty Ann St. George, identified by Plaintiffs' counsel as "St. George Binder, Section C-Pareja,[2] pp. 1-14," and 10 pages identified as Section D-Machek,[3] pp. 1-10" to find the C-word. It is clear, at a minimum, that Plaintiffs' counsel paints too broad a brush for support of his factual assertions and will give Plaintiffs' counsel the benefit of any doubt

---

[1] Plaintiffs' counsel's failure to reference Plaintiffs' Exhibit 1B or 1C makes the task of the Court, and that of defense counsel as well, much harder than it should be.

[2] *Supra*, n. 1.

[3] *Supra*, n. 1.

- 2 -

1  that this factual assertion is located somewhere in this filed record. Numerous other examples
2  can be given but the Court's point has been made.

3        The Court has given much thought and consideration on how to fairly handle
4  the shortcomings in Plaintiffs' claims of factual support in the record and the corresponding
5  impact every possible scenario will have on the Plaintiffs themselves, defense counsel and
6  their clients. The Court concludes that it is overly harsh to the Plaintiffs to summarily grant
7  the summary judgment because Plaintiffs' counsel failed to specify where in the record one
8  might find support for factual claims, as required by LRCiv 56.1(a), because the possibility
9  certainly exists that the factual assertion may, in fact, be located somewhere else in the filed
10 record. On the other hand, allowing Plaintiffs to begin anew with the benefit of 20/20
11 hindsight after the considerable time and expense Defendants have spent in replying to
12 Plaintiffs' Response (docket # 362) and drafting their Objections to Plaintiffs' Response
13 (docket # 370) is unduly unfair to defense counsel and their clients.

14       In light of the purpose of our rules of procedure to reform the "sporting"
15 theory of trial and to allow for a rational and well-balanced search for truth, *Hickman v.*
16 *Taylor*, 329 U.S. 495, 500-01, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947); public policy favoring
17 resolution of disputes on the merits, *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 9
18 L.Ed.2d 222 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal
19 Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere
20 technicalities."); and the Court can discern no unfair prejudice to Defendants by taking this
21 action, the Court will enter the order herein.

22       The Court will grant Plaintiffs a very limited opportunity to file a
23 Supplementation of Citation to Factual Record by a date certain, limited solely to the exhibits
24 already filed in this record while maintaining the same paragraphs and factual assertions in
25 Plaintiffs' Statement of Facts (docket # 363) with only new and specific references to where
26 in this record such factual assertions may be found. Said Supplementation shall be limited
27 to only Plaintiffs Betty Ann St. George, Robbin Billingsley, Dawn Hixenbaugh, Diane
28 Wickline, Janet Reavis, and Abbey Bromley and only to the claims alleged in Counts One,

1 Two and Six of the Third Amended Complaint (docket # 47). Any deviation by Plaintiffs
2 beyond the limited scope of this order will result in the Court ruling upon the pending
3 dispositive motions with the mindset that if Plaintiffs have not specifically cited where in the
4 record such factual allegation exists, it must not exist. Defendants shall have an opportunity
5 thereafter to file objections to Plaintiffs' supplementation.

6 On the Court's own motion and in the interests of justice,

7 **IT IS ORDERED** that the parties shall file simultaneous but separate
8 memorandum of law in one document, limited to 5 pages on each subject, on the two issues
9 of law identified in paragraph one of this order by **5:00 p.m. on December 18, 2006**.

10 **IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file a
11 Supplementation of Citation to Factual Record, consistent with this order, by **5:00 p.m. on**
12 **December 18, 2006**. Defendants may file objections to Plaintiffs' supplementation by **5:00**
13 **p.m. on January 5, 2007.**

14 Dated this 29th day of November, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge