1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Betty Ann St. George, *et al*.,          )   No. CV-04-1210-PCT-LOA
                                             )
10              Plaintiffs,                   )   **ORDER**
                                             )
11  vs.                                       )
                                             )
12                                           )
    Home Depot U.S.A., Inc., a foreign)
13  corporation; *et al*.,                    )
                                             )
14              Defendants.                   )
                                             )
15  _____)

16

17          On December 18, 2006, the day of the deadline for compliance, Plaintiffs filed

18  their Motion to Continue the court-ordered deadline to December 22, 2006 so that Plaintiffs

19  may properly designate the portion of the record supporting their allegations and to file their

20  memorandum of law. (docket # 395)  The subject Motion provides, as required by LRCiv

21  7.3(b), that Defendants "are not opposed to this" motion provided their deadline for their

22  memorandum is also extended to December 22, 2006. The reason identified in the Motion

23  for a short continuance is essentially because Plaintiffs' counsel has been too busy to work

24  on this case because he is "prepar[ing] for a trial and pre-trial matters in Case No.

25  CV-04-2567-PHX-SRB, with trial scheduled in the United States District Court for the

26  District of Arizona on January 9, 2007." (*Id.*)

27          The Court's November 11, 2006 Order is patently clear that the Court's

28  reluctance to grant Plaintiffs additional time to December 18, 2006, given over the

1   Defendants' strenuous objections, to comply with the mandates of this Order, which gave

2   Plaintiffs a second-chance opportunity beyond the specific mandates of LRCiv 56.1(b) ("for

3   each paragraph of the moving party's separate statement of facts, a correspondingly

4   numbered paragraph indicating whether the party disputes the statement of fact set forth in

5   that paragraph and a reference to the specific admissible portion of the record supporting the

6   party's position if the fact is disputed")  and established Ninth Circuit precedent previously

7   cited herein to counsel, was a "very limited opportunity." (docket # 394 at 3)  In fact, the

8   Court stated: "Any deviation by Plaintiffs beyond the limited scope of this order will result

9   in the Court ruling upon the pending dispositive motions with the mindset that if Plaintiffs

10  have not specifically cited where in the record such factual allegation exists, it must not

11  exist." (*Id*. at 4)

12          The Ninth Circuit has made clear that deadlines set by the district court are to

13  be "taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994). More

14  recently the Ninth Circuit has stated:

15          "[] In these days of heavy caseloads, trial courts in both the federal and state
            systems routinely set schedules and establish deadlines to foster the efficient
16          treatment and resolution of cases. Those efforts will be successful only if the
            deadlines are taken seriously by the parties, and the best way to encourage that
17          is to enforce the deadlines. Parties must understand that they will pay a price
            for failure to comply strictly with scheduling and other orders, and that failure
18          to do so may properly support severe sanctions and exclusions of evidence.

19  *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005); *Hostnut.Com, Inc.*

20  *v. Go Daddy Softwar, Inc.*, 2006 WL 2573201 *3 (D. Ariz. 2006). "Further, [] Rules are

21  rules-and the parties must play by them. In the final analysis, the judicial process depends

22  heavily on the judge's credibility. To ensure such credibility, a district [or magistrate] judge

23  must often be firm in managing crowded dockets and demanding adherence to announced

24  deadlines." *Singh v. Arrow Truck Sales, Inc.*, 2006 WL 1867540 *2 (E.D. Cal 2006).

25          Plaintiffs' counsel has known since February 7, 2006 when District Judge

26  Susan R. Bolton set *Vied v. Pinnacle Nissan Infinity* (CV 04-2567-PHX-SRB) for trial on

27  January 9, 2007 that he would need to responsibly prepare for trial. (docket #46)  Moreover,

28  Plaintiffs' counsel never objected or raised the issue that he would have difficulty complying

1  with what some may view as a generous opportunity to correct a significant defect in

2  Plaintiffs' Statement of Facts. There comes a point when the court must enforce its deadlines

3  and that point has been reached in this case.

4         Good cause not appearing and notwithstanding the fact that Defendants have

5  no objection with conditions,

6         **IT IS ORDERED** that Plaintiffs' Motion to Continue the court-ordered

7  deadlines of December 18, 2006 to December 22, 2006 is **DENIED**. The Court will rule upon

8  the pending dispositive motions based upon the parties' previously-filed Statements of Facts.

9         Dated this 21st day of December, 2006.

10

11  _____

12                Lawrence O. Anderson
             United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28